**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION**

**CIVIL CASE NO. 1:10cv199**

| | | |
|---|---|---|
| **SHERRY L. HOLTSCLAW,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **ORDER** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on the parties' Consent Motion for Entry of Order Accepting the Parties' Settlement Agreement on Attorney's Fees [Doc. 27].

The parties agree that the appropriate award of attorney's fees is the amount of Six Thousand Seven Hundred Two Dollars and Fifty Cents ($6,702.50) in full satisfaction of any and all claims by the Plaintiff in this case pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. §2412(d).  The Plaintiff has signed an Assignment of Fees in which she assigned any such

award directly to counsel.[1] [Doc. 27-1]. The Court finds that the Commissioner should accept the assignment of the awarded fees by the Plaintiff to her attorney and shall pay that award of fees directly to Plaintiff's counsel; provided however, it is shown that as of the date of this Order, the Plaintiff does not owe any debt to the United States Government which is subject to offset. Astrue v. Ratliff, __ U.S. __, 130 S.Ct. 2521, 177 L.Ed.2d 91 (2010). In the event that the Plaintiff does, in fact, owe the United States Government any debt subject to offset, the Commissioner shall pay any attorney's fees remaining after such offset to the Plaintiff instead of to her attorney.

In addition, should counsel receive an attorney's fee award pursuant to the Social Security Act, he shall refund to the Plaintiff the smaller award. 42 U.S.C. §206(b)(2).

**IT IS, THEREFORE, ORDERED** that the parties' Consent Motion for Entry of Order Accepting the Parties' Settlement Agreement on Attorney's Fees [Doc. 27] is hereby **GRANTED** and the Plaintiff is hereby awarded attorney's fees in the amount of Six Thousand Seven Hundred Two Dollars and Fifty Cents ($6,702.50) which sum is in full satisfaction of any and all claims by the Plaintiff in this case pursuant to 28 U.S.C. §2412(d) and subject

---

[1]Although the parties did not file a copy of the Assignment, it is referenced in the Settlement Agreement.

to the limitations set forth herein.

**IT IS FURTHER ORDERED** that the Commissioner shall inform Plaintiff's counsel whether the Plaintiff owes a debt to the Government by which this fee award may be offset no later that thirty (30) days from entry of this Order. Provided that the Plaintiff does not owe any debt to the United States Government which is subject to offset, the Commissioner shall honor the Assignment of fees. In the event that the Plaintiff does, however, owe the United States Government any debt subject to offset, the Commissioner shall pay any attorney's fees remaining after such offset to the Plaintiff instead of to her attorney.

**IT IS FURTHER ORDERED** that no additional Petition pursuant to 28 U.S.C. §2412(d) may be filed.

Signed: May 4, 2012

Martin Reidinger
United States District Judge